Hear ye, hear ye, this Honorable Appellate Court for the Second Judicial District is now open. The Honorable Robert B. McLaren is I. Please be seated. Your Honor, the first case on the block this morning is 2-22-0242, in the name of the application of the County Treasurer and Ex Officio County Collector of Lake County, Illinois, the Lords of the Czar and Elizabeth of the Czar, B. Holly Kim, Lake County Treasurer and Ex Officio Lake County Collector, arguing on behalf of the Lieutenant, Mr. David C. Duncan, arguing on behalf of the Appellee, Ms. Jamie Elmore. Thank you. Mr. Duncan, you may proceed. Good morning, Justices. Good morning. May it please the Court, again, I'm Dave Duncan. I am the attorney for the appellant. The appellant is a married couple, Lawrence Czar and Elizabeth Czar. Judge or Justices, this case originated out of a very simple tax appeal on a single-family home that the appellants own in Highland Park. From what I can tell, and I believe I'm right, this is a case of first impression. I've never, like, scoured the case law. I don't see a case where this exact fact situation has occurred. Could it be because there has never been such an interpretation before? Well, possibly. I can tell you just anecdotally, these types of situations occur. They occur in Cook County perhaps more than Lake County. But I agree that this particular fact situation has never been presented to, certainly, an appellate court. And in my experience, it's the first time it was presented in the trial court in Lake County. But anyway, it's an interesting fact situation because there was two different judges assigned to this case. Judge Ortiz originally in the trial court. And the case subsequently was reassigned to Judge Shaines. When the matter came up on a motion to dismiss, filed by the State's Attorney's Office, Judge Ortiz had the original case. When it came up on a motion for summary judgment, also filed by the State's Attorney's Office, Judge Shaines had been reassigned the case. Judge Ortiz, in the decisions in the record, I'm sure you've seen it. He denied and then Shaines granted. That's right. Judge Ortiz wrote a somewhat lengthy opinion denying the motion to dismiss on the motion for summary judgment, which was substantially the same argument Judge Shaines granted. So what is your interpretation of the statute in the way that the two different judges interpreted the statute? Well, it appears that Judge Shaines took a very strict interpretation, meaning that if a matter is filed, meaning the appellant invoked the jurisdiction of PTAB, which admittedly we did originally, that is end of story. Once you invoke the jurisdiction of PTAB, according to Judge Shaines, even if you withdraw that appeal, which the rules allow you to do, it doesn't matter. Can one argue that that's form shopping to do what they did? Well, form shopping to a degree does go on. You know, whether you're filing in state court or federal court, it does happen. I don't mean it in a nefarious sense. But wouldn't that be the reason to interpret the statute more narrowly? I think that form shopping, isn't that always against public policy to encourage it? Well, Judge Shaines didn't, his decision didn't highlight or articulate form shopping. What he seemed to say, and I'm interpreting, is that the filing in the original instance means something, and he didn't articulate what exactly it meant, but it means something. Judge Ortiz looked at it in a broader sense of, you know, if you file something, whether it's in an administrative court or in a circuit court, do the rules allow you to withdraw it? And are there PTAB rules as well as the code of state? I don't think the question is withdrawing it. No one said you couldn't withdraw it. It's just refiling when the statute says you must opt option A or option B. This is not about saying you can't withdraw an appeal filed by PTAB. It's what can you do next. And I guess that's why we're here, Judge, because the rule allows you to file, invoke in a jurisdiction. The rule also allows you to withdraw, thus eliminating the jurisdiction of PTAB. The question is, then what happens? And I think Judge Ortiz even used that language. Well, what happens next? Are we barred for life from filing, you know, the same action at PTAB and or in circuit court? The problem when you withdraw, and anecdotally the problem with the PTAB statute and the rules is sometimes you bump up against certain very strict deadlines. Did that happen in this case? That wasn't the reason it was withdrawn. What relevance is that to the facts in this case? Well, there's pros and cons, and I've done literally hundreds of cases in both forms, both in the specific objection arena as well as the PTAB arena. The PTAB has certain advantages, you know, and it's just a tactical decision practitioners make. You know, my personal opinion is they're a little bit more accustomed to single-family homes, but certainly the circuit courts also hear specific objections on single-family homes, and I've done both. In reality, the standard of review at the circuit court level on an objection case is much stricter than a PTAB case. But I think that's kind of irrelevant in a way. Counsel, what's the intent of the legislature insofar as talking about one filing? Well, Jeff, my opinion is that that language was inserted in there, and I didn't find any legislative history on it, but it was inserted there in the statute to prevent a dual filing. In other words, you can't take both. The legislative intent might be that you don't get two bites at the apple, you don't get to go through administrative review after a judgment on the merits with the PTAB, vis-a-vis a new hearing in front of a judge in a tax objection case. Well, actually that was my very last point here, Judge. I don't think this is a case of two bites at the apple, because whether you pick the PTAB form and go that route or you pick the objection form and go that route, you still have to prove your case. Well, two bites at the apple suggests that there are two judgments that you're dealing with, not two pleadings, one of which was withdrawn. A non-suit normally is considered a nullity. Are you aware of that? Well, a non-suit is considered a nullity, and I think technically a withdrawal subject to some restrictions of the Code of Civil Procedure is also a nullity. If the legislative intent was to see to it that taxpayers don't get two bites at the apple, but the way that this case worked out, you got no bites at the apple, if we affirm. Is that correct? That's correct. And to your earlier point, though, Judge, if you follow the PTAB procedure up to administrative review, and I've done that, the administrative review is not really hearing the case all over again. It's simply the circuit court acting as an appellate court reviewing the record and making a determination whether that decision was against the manifest weight. It's not a rehearing of the same case. It's just a review to make sure the judgment at the PTAB level was not completely crazy in my view. Is the hearing before the PTAB still de novo hearing, or is it a continuation of the Board of Review hearing? It's a de novo hearing. It's a what? It's a de novo hearing. Any other questions? Should I go on? I might do a follow-up question. Yeah, I'm sorry. Justice McClaren started out with what does one filing mean, and you sort of got sidetracked. Are you saying that you can file with PTAB and then file with the circuit court, you just can't do it at the same time? The way the rules are drafted, in my view, is you can file with PTAB, withdraw that case at PTAB, and assuming that you've also met the criteria under the specific objection statute, primarily payment of taxes in full and a timely filing. Could I interrupt? Yes. Hold on just a second. I really could answer that question. Well, he made a mistake. He didn't say the correct verbiage. You pay your taxes, but you pay them under protest. Well, the payment under protest provision got removed, I think, after that Ford Motor case 10 or 20 years ago. You don't have to pay them strictly under protest anymore. You just – but the way the statute reads now is payment, filing an objection is construed as payment under protest. And, you know, if this isn't a question, I know my time is going to run out here in a second, but the problem I have with, and not to slam Judge Shaines in any way, but the problem I have with his ruling is that, and this is drilling it down a little bit, it seems that he seems to be suggesting the mere filing, you know, in the old days it was just a piece of paper, now, of course, it's all electronic, but the mere filing of a piece of paper permanently vests jurisdiction in PTAB. And if you voluntarily withdraw your case, you're strictly limited to your original filing, and that's it. As Judge, you pointed out, you're without any remedy whatsoever at that point, even though you may fall strictly and properly within the dictates of the statute pertaining to specific objections, which are filed much later on the calendar than a PTAB case is filed. And that's another reason, just tactically, why sometimes this happens. The objection cases are filed, I'd like to comment a little earlier on Cook County much later, but they're filed after the tax rolls are certified. The PTAB cases are filed much earlier than the tax rolls are certified. So as a practitioner, sometimes you'll take a tactical viewpoint of it and say, well, which is going to occur quicker? Do I have the client on board? Does the client want to pay for an appraisal? You know, et cetera, et cetera. You'll make a tactical decision. One is going to come up very early, one is going to come up much later. But I think the way I view this filing question, the filing of a piece of paper and the withdrawal of that piece of paper shouldn't obviate your right to get relief. What would the benefit be to the lizards for doing that? To withdrawing the case? You know, tactically, it buys them a little time is one issue. Sometimes you'll, again, these are tactical decisions. Other practitioners may disagree with me. I mean, it's not really giving them a leg up. No, it's actually quite reverse, and that's the point I was making earlier. The objection statute and the standard of proof is much stricter in an objection case than it is in a PTAB case. PTAB is way to the evidence, typically, and the objection case is clear. Objections are clear and convincing evidence. That's a much stricter standard. So, no, they don't get any advantage. In fact, they're in a worse position. But to my earlier point, it's not two bites of the apple because either way you've got to still prove their case. I think it would be two bites of the apple if we were allowed to go up on PTAB on administrative review and lost, oh, I think I'll just go file an objection. That would strictly be two bites of the apple. This is simply, I chose this one originally for a variety of reasons, and it could be a myriad of reasons why I'm going to dismiss this voluntarily. I'm going to use this other avenue that the statute provides to pursue the same relief, albeit in a stricter form than PTAB is. So, again, counsel, my question is, are you saying that you cannot file an appeal in the circuit court and an appeal under PTAB at the same time? Yes. Is that your position? Yes. Okay. My other question is, from the time you filed your petition with PTAB, I think it was about six months, give or take. What happened during those six months? What happened to the case during those six months? From the original time it was filed? Yes. Until when you withdrew it. I believe that was about six months, April to October, September, something like that. Well, I think if my timing is correct, I think this was, you know, it was in 2019. What happened, I mean, I don't generally absolutely remember. I do remember that we were talking to the client about appraisal in the house because we had not an issue with the state's appraisal office, but an issue with the Board of Review in terms of the evidence that we had originally presented and what they presented and what I construed they wanted. And sometimes, frankly, and this is just law practice, getting your client to do something they don't want to do, it takes a little whaling. So basically nothing happened? Nothing happened. Okay. But in light of the circumstances, and this is, again, a tactical decision on our point, other practitioners may have disagreed. By filing an objection and dismissing the PTAB, we brought the benefit of a little bit of time, and that's not to say that this is something we do often, and I don't pursue it necessarily as form shopping. It's just sometimes you're, you know, as a practitioner, you're in situations where if you have an option to go a different direction, you take it if the situation merits it. But that said, and I guess I'm going to run out of time here in a second, but I guess my real position here, my final position here, is that once the PTAB case was withdrawn by us by letter and then dismissed by the PTAB board, the field became open. And that's our view. We could still take advantage of these. If the operative legal event was your withdrawal, not the granting of that petition or the dismissal of your appeal. Well, that's a good question because there's... I thought so, too. Thanks. The rules of PTAB, I should say, allow, and they're very liberal in the rule in terms of withdrawal or voluntarily dismissal. In fact, the rule says you can voluntarily dismiss a case almost up to the date of trial. Now, obviously, in some cases you're going to get a lot of pushback from the other side depending on what has transpired. But it's extremely liberal. And, you know, to get the case off the PTAB's dock, it obviously requires a withdrawal request and an order. And both of those things happened and somewhat, I want to say about a month later, we then filed in circuit court. And so, again, I would just say that this isn't exactly form shopping. It's perhaps an opportunity the statutes provide you in the event one approach you've taken doesn't appear viable, the statute, as an opening, if you will, to pursue a different route. And, you know, to that extent, I also believe once the PTAB's, and I know my time is up, once the PTAB jurisdiction is obviated, underlying that, I still believe the court has jurisdiction. I think they always have jurisdiction because they're the original court and they have primary jurisdiction. It's just that the PTAB was written to take these, in the same way the municipal code has been written, to take some of these small matters out of the court system and put it through an administrative court. But the court underneath it still has jurisdiction. Your time is up. Do you have any other questions? No. I have a few. The question was asked of you, is it possible to file the complaint essentially simultaneously in both the trial court and the PTAB, and you said no. Was that based upon 2619 and the affirmative matter that says that you can have at least one of two pending proceedings regarding the same transaction dismissed, versus typically the one that was filed second? I was just going to say that, Judge. I think if you trial both, and it's never happened to me, I'm sure it has happened, perhaps accidentally, I would venture to say, and it depends on the position of the state's attorney, whether it's like Cook, DuPage, what have you, I would probably expect a motion to dismiss. The question is which case gets dismissed, and I would probably agree with you, the first one is going to remain in place, the second one wouldn't. Well, the property tax code set clearly lays out what you have to do, too. Regardless of 2619, you can't file them both in PTAB and in the trial court. Well, to that point, I don't want to go on here. The statute pertaining to objections actually doesn't reference what happens if there's a pending PTAB matter, which is sort of interesting. The PTAB matter statute says if you file a PTAB, you're precluded from filing in circuit court, but the statute pertaining to objections, which was written much further back in time, doesn't say that. It just says if you file these prerequisites, you can still file an objection, which perhaps is another hole, if you will, in the statutory scheme. It doesn't actually say that your filing is infirm. It's a good question. Justice Jorgenson asked a question which made me think about there is a deadline, is there not, relative to when you can make this selection or choice, and that would be the 1st of September or the day that you are required to pay taxes, or is it the day that you're required to file your objections when the application for delinquency is taken? It's the latter, Judge. And the point is that if you don't have, if you filed with the PTAB and you haven't gotten a dismissal at that time, then would you then be precluded from filing a tax objection because there was, in fact, something pending before the PTAB on the date or the deadline that you required to file a tax objection? If that occurred and I did file a tax objection, I would fully expect a motion to dismiss. That didn't happen here factually, is that correct? That did not happen factually, that's correct. I have no other questions. Thank you, Justice. Thank you. Do I have an opportunity to make a proposal? Ms. Helton, you may proceed. Good morning. Good morning. Ms. Helton, before you start, I'm going to ask you the same question that I asked your opponent. What is the benefit to the liaisons by filing with PTAB, withdrawing it, and then filing it in the trial? And I'd like to point, Your Honors, to the docket, the record here. It's located at C-116, the docket for PTAB. And this really wasn't fleshed out too well in the circuit court record, but it is in the record. The docket is in the record before the court, so I think it's proper to speak about. And going over it, the appellant filed a new appeal in April 2019. There's an entry in that docket that says, final extension for 90 days granted to appellant. That's in May 2019. Ninety days takes us to, I've never been good at math, but takes us to around, I believe, August. So then in October, the plaintiff's requested to withdraw their appeal. So looking at that, without fleshing it out too much, one can assume that the appellant missed their deadline at PTAB. So that's the reason that they did it. But does the statute preclude anyone from doing that? I believe the statute is very clear here, 16-160. It says that once an appeal is filed at PTAB, and the Madison 2 Court fleshed this out, the options are mutually exclusive. You can file at PTAB, or you can file in the circuit court. The deadlines are different. PTAB comes first, and your appeal in the circuit court comes later. But what is the detriment, other than what you're saying here is, okay, maybe it was because they were running up against a timeline. Take away running up against a timeline. You know, if somebody filed PTAB 30 days later, they withdraw PTAB filing the trial court. You can't do that according to your interpretation of the statute. That's right. And why not? I think there's a whole host of reasons that the legislature considered. Thinking off the top of my head, I'd say foreign shopping, I think, is an issue, right? Counsel suggested that the reason might have been buying time. Do we want to waste resources of an administrative body or, frankly, the government? So the Board of Review has a certain amount of time to file evidence in response. The deadlines are fairly strict at PTAB, where the Board of Review has an opportunity to file evidence. Under the appellant's theory, at any time before the hearing date, they could withdraw and then file. Wasting taxing districts that intervene at PTAB, wasting the Board of Review's time, wasting a PTAB hearing judge that might be fielding evidence maybe in a big case, I think there's a lot of detriment. I think foreign shopping is one that one of your honors considered. I think waste of resources is another. How is that any different in a trial court where you file a lawsuit and then you withdraw it and you refile it later? Well, I think there's specific statutes that speak to that. One that comes to mind that the circuit court considered was the statute that says you have 13217, I believe is the statute, which essentially says that you can dismiss, voluntarily dismiss your claim, and if the statute of limitations hasn't run or a year, whichever is greater, you can refile, which assumes that the first was not void. It didn't void out, right? The first action, the deadline is important. So, for example, an individual brings a lawsuit and they would have been precluded if they were outside the statute of limitations. If there was the first lawsuit and they filed it and they voluntarily dismissed it, if they had a year, the statute of limitations might run in six months. They get a benefit of a year time by that statute because the legislature prescribed that to them. I think that's an important distinction. I think the importance of it is like it is here. The legislature here has prescribed that essentially a taxpayer is precluded once they file. I think one important point to point out is that the appellant has never offered another definition of filed. I think we all know what filed means, especially in the legal context. What does filed mean? You put a piece of paper before a body to be considered, right? Isn't that a very strict interpretation? You don't look at the word filed and say, oh, once you file, you're done. I don't think so. I mean, doesn't that bring it to a little bit of, I mean, that's crazy. Once you file a pleading, you can't dismiss it or withdraw it and refile later. I don't think it is, especially in the context of PTAB, a very overwhelmed body that's considering, you know, many, many, many appeals of taxpayers. I think the legislature here considered that and said, once you go to PTAB, you're done. That's your bite at the apple. I reject the notion that you don't get a bite at the apple. You get a bite at the apple. You file at PTAB. That's your bite at the apple is filing it, not getting a hearing? I think your bite at the apple is, yes, you got the bite at the apple at the board of review, and then you decided to go to PTAB or the circuit court. You have your bite at the apple. Whether or not an appellant finds it inconvenient that they couldn't buy time, I think that's the only suggestion I've heard from the appellants. That's the only reason here. They were buying time, and now they don't get to buy time. That sounds like an inconvenience rather than an absurdity here. It's not an absurdity. I think the legislature believed that we should give taxpayers their bite at the apple in choosing where they appeal the board of review's decision. And, frankly, too, I'll say to the notion that counsel raised about once you go to PTAB, jurisdiction permanently lies with PTAB. I don't think that's right, and I think the property tax code says something different. It says, essentially, that once you go to PTAB and appeal, you can appeal PTAB to the circuit court or, in certain circumstances, when the assessed value is over a certain amount, you can go straight to this court. And so I think it doesn't permanently vest with PTAB. There's other remedies that come later that the property tax code speaks to. So I think this idea that there's some absurdity is merely an inconvenience, which is absolutely not enough to overcome the strict interpretation of the statute. The plain and clear language of the statute says that when you file, and, frankly, if any judge asks me, did you file something, I don't say, well, what do you mean by that? Did I put that in a file folder on my desk? No. I know what that means. That means that I gave it to the clerk with a file stamp on it. Everybody knows what filed means. There's no alternative definition that's ever even been offered by the appellants here. So when the taxpayer files at PTAB an objection based on valuation, they can't then later, by their time, wait to talk to their client, speak to a couple of appraisers, and then voluntarily dismiss it on the eve of a hearing. The plaintiffs would, or excuse me, the appellants would have us read into the statute that the taxpayer is precluded unless they voluntarily withdraw it pursuant to the PTAB rules, and then they meet all the other, that's not what the statute says. The statute is incredibly clear here, and the plain and clear language means that if a taxpayer files at PTAB, they're thereafter precluded from going to a circuit court. Directly, right? Excuse me? They're precluded from going to the circuit court directly. Exactly. But they ultimately can wind up in the circuit court. That's right. With their next level of review. Correct. Are you sure about that? That they ultimately end up in the circuit court? They can end up in the circuit court or the appellate court based on, I believe the valuation is over $300,000 or $200,000, assessed valuation. So sometimes it does jump the circuit court, but that's a great example of when the legislature has de-divested the circuit court of jurisdiction, right? The circuit court doesn't have jurisdiction on those administrative review appeals. You said forum shopping. Were you using it in the sense of a pejorative term? I think what I mean by forum shopping is that a voluntary withdrawal at PTAB is allowed up until the day of the hearing, I believe is what the rule says. And if the appellate's argument is valid, it would suggest that all of the evidence could come in, right? We'd see all the Board of Review's evidence, all the taxing district's evidence would come forward. They'd have the opportunity there. They'd come to the eve of hearing. Maybe they'd try and negotiate with the Board of Review to settle a case, right, to get a stipulation for PTAB. And then on the eve of a hearing, they could withdraw. And the appellant's position is that then they could go to the circuit court. The reason why I asked the question was because I'm not convinced this is forum shopping. To me, this is more choice of law. Forum shopping usually, in the classical sense, means that you are seeking a jurisdictional forum that you think will be more favorable to your theory of the case as opposed to some other that might qualify venue-wise. When you talk about going to the PTAB or the circuit court, you're not really talking about which one is going to be more favorable on the same theory or premise of law because they, I think you will admit, are different proceedings based upon even what counsel said. So insofar as using the term forum shopping, I think the better term would have been a choice of law. And it would therefore seem to follow that your argument is that once they make a choice of law, they're stuck with it. Is that correct? I think that's right. But let me add one nuance to that. Yes, I agree on the merits. The PTAB hearing officer or the PTAB board making a decision on the merits. But a taxpayer who might not be as well versed as appellants counsel in the rules of PTAB might find themselves at PTAB under very strict rules, under very strict extension rules. They might find themselves in that position. They might make motions to extend, having practiced in circuit court or not having practiced at all, and find that PTAB has strict deadlines. And I've already cited to the place in the docket here, which suggests, I think there's a suggestion at least, that the plaintiffs missed a deadline. So in theory, a taxpayer could go before PTAB, find that they are getting some pushback to deadlines, and then say, you know what, I missed these deadlines, or PTAB's difficult, or I can get much better extensions in circuit court and voluntarily withdraw. So I accept the premise that it's a choice of law, but I think there is a matter of some form shopping, not on the merits, I agree, because the voluntary dismissal is only before a hearing. But as to the matter of procedural difficulty, they might find that circuit court might be easier on extensions. Well, there was a time when you could go to the PTAB or you could file a tax objection relative to assessed valuation. But if you filed it in the trial court in a typical tax objection, you had to allege fraud in the assessment, which meant that you had to prove that the assessed value was at least two or three times more than what it really was. So it wasn't just what I believe it is now, which is a determination of valuation as opposed to a determination that the assessed value that the assessor placed on it was two or three times higher than what it should have been. So the legislature has made obvious amendments in the last four years, but I don't know that they ever intended that if you withdraw a filing, that that filing has some sort of perennial or immortality in the sense that it is essentially res judicata. It isn't if it's withdrawn and it is discharged without prejudice or if it's non-suited, it's a nullity. It doesn't prevent the refiling again. And if the refiling can be made in the initial sense or in the initial proceeding in either form, I don't know why the legislature would have intended what you are suggesting unless they suggested that the proceeding can only be refiled in the location that it was initially filed. Well, if I can respond. You may. I think that's what oral argument is all about. What? It just was a question of who's arguing. I'm not arguing. I'm positing theoretical and hypothetical points that tend to impeach, erode, or refute what you said. But I'm also seeking clarification. I'd like to push back a little bit on the idea that the dismissal of a PTAB appeal somehow doesn't preclude, that the legislature somehow didn't intend that. Dismissal or withdraw? Withdraw, excuse me. Withdraw of their appeal. I think the pushback is that the best evidence of the legislature's intent is the clear and plain language of a statute. If it's unambiguous and does not yield absurd results, that's the best evidence of the legislature's intent. Here they use the words, if a petition is filed by a taxpayer, again, clear, clear meaning of what the word filed means. The taxpayer is precluded. I don't think there's any, no one's quibbling with the definition of precluded. The taxpayer is precluded from filing tax objections based upon valuation as may otherwise be permitted by various sections of the property tax code. I see that I'm out of time. If your honors have any questions. Any questions? Yes. Do you have, is there any concept of statute of limitations at play here? I think the only concept of statute of limitations, besides the analogy to 13217 and refiling a case with the statute of limitations, you only have a certain amount of time to file that PTAB. I believe it's 30 days after the Board of Review's decision. And you have a certain amount of time to file tax objections in circuit court, which come much later, which I think we've already gotten to during the appellant's argument. But to the extent that there's a statute of limitations, I think those are the limitations that are present, which are prescribed by statute. So I think there are various statutes of limitations of when you can file. Nothing. Okay. With a withdrawal or dismissal of a PTAB petition, is there any requirement of payment of costs as in 13217? I don't know the answer to that question. I don't believe I saw that in the PTAB's administrative rule regarding voluntary dismissal. I don't believe I saw any mention of payment of costs as in the Code of Civil Procedures. Are there filing fees with PTAB? You know, I'm not positive about the answer to that question either. I believe so, but I don't know for sure. That was a prefatory question because the next question would be if there were filing fees, was there a provision for refund if there is a motion withdrawal? I didn't see that anywhere in the voluntary dismissal provision of the PTAB administrative code. I think it's 1910.50 of the PTAB rule that allows for it. I didn't see any mention of costs or refund of your filing fee, et cetera. You talked a lot about the statute being very clear and unambiguous, and yet it does give the contesting party the option to either move to withdraw or to voluntarily dismiss their appeal. What's the difference between the two? Well, I think if we look in the context of a case in circuit court, let's take the example where an individual files a lawsuit, voluntarily dismisses it, and then refiles the lawsuit later. They get that next bite at the apple pursuant to that provision of the Code of Civil Procedure. They could voluntarily dismiss it 10 years down the line. I don't think there's anything except for the limitations in that Code of Civil Procedure that would prohibit that. They don't then, we don't read anything into 13217 to say that they, to read into the language because it's clear. That language is clear. We don't read into this fact that you're able to voluntarily withdraw to say then you're necessarily allowed to refile. Well, here's my point. The statute gives you options. So we have to assume the legislature had a thought there. So why are they both there? And if voluntary dismissal was available but they chose to withdraw it, there has to be a difference between the ramifications of that option, of choosing one over the other. I think the ramification is you filed that PTAB, you decided not to pursue it, or as the record suggests here, a deadline was missed, you've lost your opportunity. And I think there's very good reasons for that that the legislature might have. Again, just referencing back quickly because I know I'm out of time to the idea that PTAB handles so many appeals. They, of course, favor voluntarily withdraws. It would be, frankly, absurd to say you can't voluntarily withdraw. They probably want to clear their docket. Well, here's my point. Sure. If I filed a civil case in circuit court and I non-suit it, that starts the year ticking, a lot of things. If I just say, gee, Judge, my bad, can I withdraw that document as though it never happened, it's got misspellings, there's typos here, I just want to withdraw that and I never refile it, and I don't want to get into, you know, reaching back and all that. But just if I withdraw a document, then it was never filed. Well, your case would probably be DWP down the road. Right. You know, a multitude of things could happen. What about SOJ? What about? But here's my point. Sure. They said there's two different options here. So there has to be a difference between the two. And we can't say, arguably, a withdrawal is the same as a non-suit. But a voluntary dismissal is not the same as withdrawing a document. Well, I'd like to push back on the idea that a withdrawal subsequently and necessarily creates a legal nullity in the prior filing. It's a legal nullity, as far as I understand the case law, if it was without prejudice. If it's without prejudice, it creates a legal nullity because it puts the parties back in the same position. But if it's with prejudice, right, or in the case of 13217, it necessarily, the case law. But it's a voluntary non-suit. It's a voluntary, yes. I mean, are you saying that these are basically the same thing? Or do you think they're different? I think they're the same in the sense that the voluntary withdrawal of the PTAB appeal, it's not as if it never happened. It happened. You voluntarily withdrew it. The statute says you can't then go to circuit court. I don't think that voids out the PTAB appeal. It's not as if it never happened. I think there's some cases where if a case is dismissed and it's without prejudice or it's voluntarily withdrawn and without prejudice, the case is dismissed. But there was no dismissal here. It was simply granting a petition to withdraw. Understood. I think ‑‑ Okay, you know, I don't mean to beat a dead horse here, but to me they put two different things in here. I was giving you an opportunity to say, well, here's the difference and here's why one matters and the other doesn't. I think the voluntary dismissal, the voluntary withdrawal, excuse me, I think there is a distinction to be made with a flat‑out dismissal. PTAB would be, I guess, in a way probably arguing or hearing something on the merits. A voluntary withdrawal is before a hearing date. It's before there's any hearing in the PTAB matter, and it's the plaintiff's choice or the appellant's choice. Can I propose an alternative? Sure. There are cases reported that indicate that interveners as well as the taxpayer are involved in an appeal, and there are instances where interveners who file tax objections contesting the valuation. I can speak from personal experience. So assuming, argue I know, that the taxpayer files an appeal and the intervener is not satisfied either and they file or it files an appeal, then withdrawal of the appeal by the tax objector would not result in a dismissal because there was a cross appeal filed by the intervener. Whereas if there was no intervener and there was only one party appealing to the PTAB, a withdrawal and a dismissal would be the equivalent. But if there is some other party who is appealing the case, then there is a distinction between the two. Yes, I agree there that if the intervener filed a cross appeal, there would be. If I may, if you'll allow me to just speak to the taxing districts intervening in cases, I'm not sure I quite mentioned it, but if a taxing district at PTAB, if they were an intervener at the Board of Review, they're a party at PTAB. If a taxpayer files at circuit court, notice must go out to every taxing district that would be affected pursuant to statute. So one of the effects of a taxpayer being allowed to voluntarily withdraw their appeal at PTAB and see which intervener has actually filed evidence at PTAB and then saying, wait, I want to go to circuit court, creates another hurdle for taxing districts. The taxing district then needs to intervene in circuit court, file a petition to intervene, et cetera. So it's another hurdle that's created for those taxing districts that want to intervene in a tax abjection case. I don't know that that affects subject matter jurisdiction. Are there any other questions? No, I have none. Thank you. Thank you. Mr. Duncan, you may proceed with the question. Thank you, Judge. One of the issues you discussed is one of the central problems with the PTAB and the PTAB rules and the Administrative Code pertaining to PTAB. PTAB, if you dismiss or withdraw, and that narrows the language in the rule. I think that's why we always use it. It's a voluntary withdrawal. You don't have a right under the PTAB rules, as I see it, to refile, unlike the circuit court where you can refile. So one of the problems is, you know, again, as a practitioner, when you bump up against deadlines or you look in your crystal ball and you see what's coming, you realize, I mean, if trouble meeting such and such deadline, as it were, there's another issue or there's another problem with the client, et cetera, you cannot refile PTAB once you withdraw it. Maybe that was the point behind the statute in, as your opponent argued, that, you know, you can't decide at the last minute you're going to switch gears because there's a reason why the statute is so strict. Well, I think if the rule was such that or it was embedded in the rules that you had a certain amount of time to refile your case at PTAB, it would be a different situation. But the way the rules are written now is there's simply no right to refile or to resuscitate your case. In PTAB. At PTAB, and thus you're left without any remedy whatsoever once it's voluntarily withdrawn. So I think that is a problem. If PTAB would allow the refiling within 30 to 60 days, 90 days, whatever the case might be, it would be a different, you know, a lot of practitioners would be in a different situation. So that's one issue I wanted to address. The other thing is, you know, Madison 2, which is cited frequently by the state's attorney, it does say you choose one or the other, but the case has nothing to do with form shopping or choice of venue or choice of law, as you put a judge. This simply says this is what you do. You either file here or you file here. If you file here, you can't file in court. But we sort of already know that. Madison 2 case gets cited a lot, but I don't think it really pertains to this situation. What's your take on withdrawal versus dismissal? Well, there is a distinction. It's a little blurry insofar as PTAB is concerned. A voluntary withdrawal, which we do on occasion, not frequently, but we do do it, in our view means that the case is a nullity. We withdrew it. You know, there's no effect. You're not moving forward in any direction. You know, not moving forward, PTAB is disinvested of any jurisdiction. This is if the case never was filed and the parties are back where they started. However, there are instances where, and sadly I've been a victim of this, where PTAB actually dismisses your case for oftentimes it's a legal reason. Sometimes it's a time issue, but more often there's a legal reason why they're dismissing your case. And so PTAB actually does make that distinction. For these reasons, we're dismissing your case. A voluntary withdrawal, however, is almost, as you were discussing earlier, with the exception of an intervenor, which monies the waters, almost always granted if there's no other parties involved. And actually, to that point, it mirrors the statute, both at the Code of Civil Procedure and with the PTAB rules. There's a right to withdraw, as we've all discussed. At the circuit court level and at the PTAB level, the only difference is the Code of Civil Procedure gives the plaintiff a right to refile within a year. PTAB doesn't give you that right. So the way we view the chronology of this is we have an absolute right to withdraw because the rule gives us that right. The case law seems to back us up on that. Again, there's no point, there's no case exactly. My point is the facts portray themselves here. But the rule is pretty embedded in the law. Plaintiff has a right to withdraw, both at circuit court and at PTAB. Generally speaking, and there are some exceptions, the trial judge has no discretion to deny that right. I mean, there are exceptions. I think there's exceptions at PTAB as well. There's an intervenor who, for example, has spent a lot of money preparing their case and a lot of appraisal costs and whatnot. I could see PTAB, it's not going to happen to me, but I could see PTAB not allowing that withdrawal given that the case has moved so far along despite the rule. Lastly, there's some cases out there, we cited them. I don't want to belabor the point, but this Village of Bolingbrook case we cited,  and it had gone to the appellate court and they still allowed a voluntary withdrawal. So that's one. There's another case recently that came out. But, again, this is not about your ability to withdraw. It's what do you do next. Well, that's right. And, again, to my earlier point, the statute, as it pertains to objections, gives you that opening. The way I read it, without any restriction, you know, because you filed at PTAB, it's silent as to what happened if you filed at PTAB. The administrative code has a restriction, but the codicidal procedure doesn't. So, you know, the way we look at it, and, you know, there's always machinations and fact issues in every case, but the way we see it is that we simply took advantage of a provision in the statute which allowed us to do. And there's nothing wrong with that. I initially said it. I don't think that's farm shopping. It's just more of a tactical issue. People do it all the time. And there was nothing that I see either under any PTAB decision or a court decision which would disallow us from doing that. So that's as much as I can tell you, at least as far as rebuttal goes. Any other questions? You had said when you voluntarily withdraw, that creates a nullity, but mindful that under the rules of PTAB, you couldn't then refile a second petition in PTAB. That's right. And that's one of the problems, frankly, we had in this case. If it's dismissed outright, PTAB, I'm dismissing your case, you haven't for whatever reason. Yes. That's the end of it in PTAB. That's the end of it. And that's a final decision. That's way more than a nullity. That's a decision by PTAB. And then your remedy is simply to appeal to the circuit court, whether it was proper or improper for them to dismiss your case. Right. Unnecessary review. And generally, Judge, those cases occur when there's a legal basis for PTAB to dismiss your appeal. There's some infirmity within the filing itself, or there's a problem with your evidence, or there's, you know, there's some issue that, you know, PTAB has uncovered, and they will affirmatively, and it's happened to me, sadly, as I said, they will affirmatively dismiss your case on a substantive issue, in which case I don't think, given that a decision was made substantively, I don't think you have the right to file it in circuit court as an objection. Just an appeal, not an objection. Yeah, you can file an appeal on a misdemeanor review. Commonly, that's a review of the record. I've had not great success doing that, but that opportunity is out there for you if you want to take advantage of it. Thank you. Thank you for listening. Thank you. We'll take the case under advisement. There will be a short recess.